## DILL MFG. CO. v. J. W. SPEAKER CORPORATION.

## VAN DYKE et al. v. J. W. SPEAKER CORPORATION.

### Nos. 9973, 9974.

United States Court of Appeals
Seventh Circuit.

Jan. 25, 1950.

Rehearing Denied Feb. 17, 1950.

Arthur J. Hudson, Cleveland, Ohio, David A. Fox, Milwaukee, Wis., Lines, Spooner & Quarles, Milwaukee, Wis., for appellant.

Ira Milton Jones, Milwaukee, Wis., for appellee.

Before MAJOR, Chief Judge, and KERNER and LINDLEY, Circuit Judges.

LINDLEY, Circuit Judge.

Plaintiffs' two suits, one for infringement of Reissue Patent No. 21,232 to Van Dyke, and the other for infringement of Crowley Reissue No. 21,230 and Crowley No. 2,272,965, having been consolidated for trial, resulted in a judgment adjudging the claims in suit invalid and dismissing plaintiffs' complaints, from which plaintiffs appeal.

In Van Dyke Reissue No. 21,232, the claims upon which plaintiffs relied are 7 and 8. Claim 7, which we think typical, appears in the footnote.[1] In Crowley Reissue No. 21,230 the claims in suit are 6, 7, 8, 9, 10, 11, 12 and 13. Claim 6 appears in the footnote.[2] In Crowley Patent No. 2,272,965, plaintiffs relied upon Claims 8, 9 and 16. Claim 9 appears in the footnote.[3]

---

1. Claim 7. A vulcanizing unit adapted to be used with but normally separate from and independent of a suitable clamping means and comprising a pair of cooperating but normally and readily separable members, one of which is adapted to have pressure applied thereto by the clamping means and the other of which is intended to be discarded after use and is provided with a vulcanizing patch, one of said members being provided with an electrical heating element, said members in use being positioned temporarily in contact one against the other, and means for placing said heating element in an electrical circuit.

2. Claim 6. A vulcanizing unit comprising a pair of normally and readily separable members one of which is provided with an electrical heating element and the other with a vulcanizing patch and is intended to be discarded after use, said unit being adapted to be used with but normally separate from and independent of a suitable clamping means, said members in use being arranged with said first named member superimposed upon said second member and clamping pressure applied thereto, said members having cooperating means for locating the same in a predetermined relative position with respect to each other when superimposed as aforesaid.

3. Claim 9. A vulcanizer clamp comprising a body provided with an article supporting table and with a housing com-

All the claims relate to electrical vulcanizing equipment, more particularly to devices for vulcanizing inner tubes for rubber tires. Vulcanizing is effected by cooperation of certain elements, including an electrical heating means lying upon a vulcanizing patch which, in turn, lies upon the tube being patched, the tube, the patch and the heating element being held together under heavy pressure by means of a clamp. It has long been common knowledge that in vulcanizing a rubber tube a repair patch, consisting of a piece of unvulcanized rubber adhering to the lower part of a metal pan or disc which forms a mold for the patch is applied to the tube. It is necessary, of course, to have some means for heating the patch; and all of the patents involved include a resistance coil, which serves as an electric heating element when current is applied. The disc, carrying the patch, and the heating means are separable but work in cooperation. Thus, as the current passes through the heating element, the latter becomes hot enough to cause the rubber in the patch to flow and seal itself to the tube being repaired. Throughout the heating process, pressure of a predetermined degree is applied by the clamp, to the tube and patch, in order to effectuate a satisfactory union between the two.

Van Dyke Reissue Patent No. 21,232 is the off-spring of Patent No. 2,075,486, issued to Van Dyke, March 30, 1937, upon application filed January 9, 1936. The reissue patent specifies a vulcanizing unit of two parts which the patentee contemplated should be used in cooperation with a proper clamp of any character furnishing sufficient pressure. One of the elements of the unit is a disc or pan, to the under side of which the patch adheres. Above this disc lies the electric heating unit. The lower element includes also a fusible connection in series with the resistance wire which melts at a predetermined tempera-

ture, thus opening the current and preventing burning the material being repaired.

Practically contemporaneously with the application for the original Van Dyke patent, Crowley filed an application for a similar patent No. 2,075,705. From this sprang reissue patent No. 21,230. In this Crowley likewise specified a two-part vulcanizing unit and a clamp. At the trial, he admitted that his sole contribution to the art disclosed by Van Dyke was to make the heating element separable from the lower member which carries the vulcanizing patch. He provided a device in which fusing of a piece of solder on the lower member allows a spring contact finger on the upper member to snap out of circuit-making engagement with another contact on the upper member and, to accomplish this, he arranged the two members in a predetermined rotational relationship with one another.

Crowley's application resulting in No. 2,272,965, was filed February 23, 1938, practically contemporaneously with the applications for the two reissue patents. Crowley's second patent is entitled "vulcanizing clamp." The patentee states that his invention relates to a vulcanizing clamp, particularly to a clamp to be used with an electrically heated vulcanizing unit which is readily employed for vulcanizing rubber. He prescribed use of his clamp in connection with a vulcanizing unit such as had been disclosed by himself and Van Dyke. As he said, the unit intended to be used with the clamp might be "similar to the unit in patent No. 21,232 issued March 30, 1937, which comprises two readily and normally separable members which in use are superimposed one upon the other." Thus it seems clear that his alleged invention was directed to the specific form of clamp prescribed, and in this addition to the old combination must be found the novelty, if any, disclosed in the patent. In other words, he claimed to have achieved

partment, a clamp arm overlying said table, means movably connecting said arm with said body, means for moving said arm toward said table with a clamping action, a transformer mounted in said housing compartment, means for connecting the primary of said transformer to a source of electrical energy, and means for connecting the secondary of said transformer to the electrical heating element of a vulcanizing unit mounted on said table.

novelty by adding to the old combination a clamp having a movable jaw and a work-supporting table, means for moving the jaw into clamping engagement with the work supporting table, and a transformer carried in a housing mounted on the clamp.

With these general statements concerning the character of the alleged inventions of the three patents in mind, in view of the defense and anticipation, it becomes necessary to refer to the prior patents pleaded by defendants. We think it may be properly said that the claims in each of the two reissue patents, eventually and essentially merely call for a vulcanizing unit, consisting of a pair of separable members, one of which provides the heating element and one of which carries a vulcanizing patch, each being so built and so arranged as to make it possible so to position them with respect to one another that they may be pressed firmly upon the tube under repair under pressure supplied by a suitable clamp.

Low, in No. 1,163,629 in 1915, procured a patent for a vulcanizing package comprising a pan, to the under-surface of which he attached a vulcanizing patch, and a heating element in the form of a combustible wafer which, when consumed, produced the necessary vulcanizing heat. He contemplated apparently that the rim of the pan should cooperate with means on a vulcanizing clamp "to have pressure applied thereto by the clamping means." The heating element nestled in the pan. It would seem obvious that Low conceived everything that Van Dyke and Crowley created. True, he used a heating element consisting of a piece of combustible material, while Van Dyke and Crowley employed an electrical heating element. But this in itself was not invention; it was merely the substitution of one old heating means for another. Furthermore, use of an electric heating element was taught by Rosenstein, in patent No. 1,181,805, issued in 1916, who there commented that the vulcanizing patch was not his invention and that the combustible disc was also obtainable in the market. He commented that each method of heating had its advantage and that his vulcanizer was not necessarily

limited in use to any special article but had a broader application and added that "an electrical heating unit may be seated within the chamber of the vulcanizing member in lieu of a disc * * * according to old and established practices."

Patent No. 2,272,965 to Crowley as we have said, adds to what had gone before, a provision for a specified clamp having a work-supporting table and an arm movably mounted on the clamp with means for moving the arm toward the table with a clamping action, carrying a transformer and grounding a secondary coil to the clamp.

As we have seen, the necessity of clamps in any efficient vulcanizer is self evident. It is a universal expedient to bring about pressure and firmness when they are essential or desirable. If any novelty exists in Crowley's specific combination, all the elements of which are old, it must arise from his specific teaching. We think his suggested arrangement of the clamp was disclosed by Mollenhauer No. 1,472,185, issued in 1923. This earlier patentee, too, taught the use of a clamp provided with an article supporting table, an arm pivoted to the body of the clamp and means for moving the arm toward the table with a clamping action. We think it is an obvious necessity in any such efficient vulcanizer that a heating element be employed in the combination. Likewise, a transformer is an obvious necessary expedient whenever it is desired to reduce electric voltage. And so to build the clamp as to supply a housing for the transformer, it seems to us, is an obvious expedient of any mechanic. Then, too, grounding one side of the transformer to the clamp itself is nothing new in the art of grounding wires carrying electricity. Crowley, himself, so admitted at the trial.

We have examined the various other patents pleaded as prior art, including Harley, No. 852,326, of April 30, 1907; Horne, No. 1,008,469, November 14, 1911; Low No. 1,163,629, December 7, 1915; Dennis, No. 1,309,845, July 15, 1919; Sherman, No. 1,356,662, October 26, 1920; DuPont, No. 2,072,497, March 2, 1937.

We think these prior patents disclose patented conceptions of rubber vulcanizers for repairing inner tubes in rubber tires teaching everything that Crowley and Van Dyke accomplished later. If they do not completely anticipate the patents in suit, they disclose at least a state of the art such that both Van Dyke and Crowley, confronted with the same and learning what it taught, needed only to exercise the art of the skilled mechanic and electrician in improving the earlier patented devices in such a manner as to cover the teaching of the claims in suit.

Other defenses were asserted and considered by Judge Duffy in the trial below but, in view of our conclusion that the patents are invalid because they are anticipated and because they represent nothing more than the exercise of ordinary mechanical skill, it is unnecessary to consider them.

The trial court found also that a prior use anticipated each of the patents in suit. Plaintiffs have moved for a remand in order to be permitted to produce allegedly newly discovered evidence, completely negating, as they say, the evidence of prior use art upon which the District Court relied. In view of our conclusion that the prior patents themselves anticipate those in suit, whether the prior use also anticipates them becomes wholly irrelevant. The motion is denied.

The judgment finding the claims in suit invalid and dismissing the complaints is affirmed.